DISCIPLINARY PROCEEDINGS
liPER CURIAM. *
The instant disciplinary proceeding is based upon the filing of formal charges by the Office of Disciplinary Counsel (“ODC”) against Robert L. Hackett and Stephen L. Dunne, two attorneys licensed to practice law in the State of Louisiana, resulting from an alleged breach of an agreement to split legal fees after the dissolution of the law firm of Oestreieher & Hackett and misrepresentations to a district court judge regarding the alleged breach.
A review of the underlying facts indicates that Robert L. Hackett and David W. Oestr-eicher, II were partners in the firm of Oestr-eieher & Hackett. After ten years of partnership, the firm dissolved in late 1993. Since Whitney National Bank had provided the firm a $200,000 line of credit and Hackett intended to enter into a partnership with Stephen Dunne, the bank requested that the parties execute an agreement to dissolve the firm of Oestreieher & Hackett and transfer certain obligations and interests in the firm to Dunne so that the line of credit could be extended to the new firm of Hackett & Dunne. The agreement was in the form of a three-page letter dated November 15, 1995 which was drafted by Hackett and directed to Dunne and Oestreieher for their signatures. The letter contained various undertakings by the respective parties and the successor firm. The dissolution agreement also included the provision that the fees from certain of Oestreieher & Haekett’s pending cases would be split on a fifty percent basis. The agreement encompassed the personal injury case of George C. Cormier, et al. v. City of Lake Charles, et al., then pending on [2appeal in the Court of Appeal, Third Circuit, Docket No. 93-00632.
An associate of the firm signed Dunne’s name at the request of Hackett to the agreement on January 4, 1996.[1] Two days later, *921 on January 6, when Dunne, Haekett, and Oestreicher met to discuss the transition of the firm, Oestreicher signed the document signifying his approval. Apparently, Dunne did not consent to the provision in the agreement where Oestreicher was to receive fifty percent of the Cormier fees. Thus, Dunne prepared and attached a fourth page dated January 6, 1994 to the hack of the letter agreement, which provided Oestreicher was to be paid on a quantum meruit basis. Since the addendum was unacceptable to Oestr-eicher, he did not sign it. Days later, a copy of the three-page letter agreement was forwarded to Whitney National Bank to continue the line of credit.
Subsequently, Haekett settled the Cormier case, without notice to Oestreicher, for the amount of $1,209,524.36. Upon receipt of the settlement in June 1994, Haekett deposited the attorneys fees, $600,000, in the successor firm’s operating account. After paying Whitney National Bank the amount it owed on the line of credit to Oestreicher & Haekett, Haekett did not segregate the disputed amount from the settlement owing to Oestr-eicher, $300,000, despite Oestreicher’s alleged interest in the fees.
As a result of the settlement of the Cormier case, Oestreicher filed suit, entitled David W. Oestreicher, II v. Robert L. Hackett, No. 94-09735, in the Civil District Court for the Parish of Orleans, seeking a temporary restraining order barring distribution of the legal fees and freezing all of Hackett’s personal and business accounts. Attached as an exhibit to the motion was an unsigned copy of the three-page dissolution agreement. The trial court granted the temporary restraining order.
Haekett had Dunne hurriedly file a motion and memorandum [3seeking dissolution of the temporary restraining order, as well as damages. Haekett, and his counsel, Dunne, stated in the pleadings they had never signed a written dissolution agreement and that it was fraud for Oestreicher to represent to the court that there was the existence of an agreement.
At the hearing on the motion to dissolve the temporary restraining order, Haekett acknowledged that he and Dunne signed a dissolution agreement, but testified the document provided to the court by Oestreicher was not an accurate copy of the original. Although the judge did not find Haekett and Dunne guilty of intentional misrepresentation, he imposed a $1,000 sanction on Haekett on the basis that the allegations supporting the request for dissolution were frivolous and meritless.
On July 6, 1994, counsel for Oestreicher filed nearly identical complaints against the respondents with the ODC.
On December 11, 1995, the ODC filed two counts of formal charges against Haekett. The first count alleged that he failed to.segregate the disputed portion of the Cormier fee and did not notify Oestreicher of its existence in violation of Rules 1.15 and 8.4(a) and (c) of the Rules of Professional Conduct. The second count alleged that Haekett deceived the court, engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, knowingly assisted his partner in violating the Rules of Professional Conduct, and asserted a meritless and frivolous claim, violating Rules 3.1, 3.3, 5.1(b) and (c) and 8.4(a), (c) and (d). Haekett filed a response to the charges, claiming that there was no obligation to segregate the Cormier fee and that the motion to dissolve the temporary restraining order was founded on good faith and based on reliable information.
On December 11, 1995, the ODC also filed one count of formal charges against Dunne, alleging he had deceived the court, engaged in misconduct involving dishonesty, fraud, deceit and misrepresentation, knowingly assisted his law partner in attempting to violate the Rules of Professional Conduct, and asserted a meritless and frivolous claim, in violation of Rules 3.1, 3.3, 5.1 p(a),(b) and (c) and 8.4(a),(e) and (d). Dunne filed a response, asserting that his signature was unknowingly placed on the letter agreement and that Oestreicher was only entitled to a fee on a quantum meruit basis.
The matters were consolidated and a formal hearing was conducted. On June 12, 1996, the committee issued its recommendation, finding that, although the facts were undisputed that Haekett did not segregate *922 the disputed portion of the Cormier legal fee, he did not violate Rule of Professional Conduct 1.15, pertaining to a duty to safeguard property. The committee also concluded that the ODC did not prove by clear and convincing evidence that either of the respondents engaged in conduct involving dishonesty, fraud or deceit. Notwithstanding, it did find a violation of Rule 3.1 in that the respondents should have been aware that their motion to dissolve the TRO was meritless and frivolous. As such, the committee recommended a formal public reprimand as an appropriate sanction.
On April 22, 1997, the disciplinary board issued its recommendation concurring in the findings and proposed sanctions of the committee.
The ODC and each of the respondents filed objections to the ruling of the board.
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the records, briefs, and oral arguments, it is the decision of this Court that the recommendations of the disciplinary board be adopted.
Accordingly, it is ordered that the respondents, Robert L. Hackett and Stephen L. Dunne, be publicly reprimanded and that they pay all costs of these proceedings.
CALOGERO, C.J., and MARCUS and LEMMON, JJ., dissent believing that all charges should be dismissed.

 Johnson, J., not on panel. Rule IV, Part 2, § 3.

. The evidence is contradictory as to whether Dunne gave the associate authority to sign the original letter agreement on his behalf.